**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| ALLEGRA NETWORK LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:09-cv-912 |
| | ) | |
| MICHAEL J. REEDER AND | ) | |
| JEFFREY L. REEDER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff Allegra Network LLC's ("Allegra") Motion for Preliminary

Injunction (Dkt. No. 4). The Court finds Plaintiff has presented sufficient evidence to warrant

the granting of a preliminary injunction under its claims of trademark infringement and unfair

competition. However, as to the breach of contract claims, the Court finds that Plaintiff has not

met its burden on two of the elements necessary for the granting of a preliminary injunction: 1)

showing that success on the merits is likely and 2) showing that there is a likelihood of

"irreparable harm" if the preliminary injunction is not granted.

## I.    Background

Allegra is a franchisor of several digital print and imaging brands including American

Speedy® Printing, Allegra® Print & Imaging, and Insty-Prints®. Pursuant to written franchise

agreements, Allegra grants franchisees the use of certain Allegra trademarks, service marks,

trade names, logos, emblems and indicia of origin related to these brands (the "Allegra Marks")

in connection with the operation of authorized Allegra franchise centers.  Under Allegra's franchise agreements, franchisees are granted the right to use the Allegra Marks only in such a manner and at the specific location approved by Allegra.  The Allegra Marks are registered with the United States Patent and Trademark Office.

On November 14, 2005, Allegra entered into a franchise agreement (the "Franchise Agreement) with Defendants, Michael J. Reeder and Jeffrey L. Reeder.  Pursuant to the agreement, Defendants were granted a franchise to establish and operate an Allegra Print & Imaging center at an approved location in Washington, D.C., and a license to use the Allegra Marks in connection therewith.

The Franchise Agreement states that Allegra has the right and authority to approve the locations of Defendants' center and that Defendants are prohibited from operating their center at any location not approved by Allegra.  The Franchise Agreement also gives Allegra the right and authority to approve any lease for the location of Defendants' center.  It further provides that Allegra will not operate or grant a franchise for the operation of another center within a two (2) mile radius of an existing franchise.

In addition to the provisions regarding location of Defendants' center, the Franchise Agreement contains a covenant not to compete which prohibits Defendants from operating any competitive business within a ten (10) mile radius of the Defendants' former center and/or within a five (5) mile radius of any other center for a two (2) year period following expiration or termination of the Franchise Agreement.

In early 2009, Defendants chose not to renew their lease for their location in Washington, D.C. [1] and began looking for a new location for their center.  One of the locations that they

---

[1] The approved location in the Franchise Agreement was at 1850 M Street, N.W., Washington, D.C.  At some point during the term of the Franchise Agreement, Defendants moved to another location in D.C. at 1147 20th Street,

2

looked at was a location at 1526 Eisenhower Avenue, Alexandria, Virginia 22304. This location was within one and a half (1.5) miles of an Intsy-Prints store (closer than the two (2) mile required minimum distance from another Allegra store). The parties disagree as to whether Defendants were given approval by Allegra to move to the Eisenhower Avenue location despite being less than two (2) miles away from another Allegra print store. On July 20, 2009, Defendants signed a lease for the Eisenhower Avenue location, and on July 24, 2009 they began moving into the new location. The Franchise Agreement between the parties was terminated on September 16, 2009. Defendants are currently operating a print business at the 1526 Eisenhower Avenue location under the name Digital Graphic Solutions.

## II.     Procedural History

On August 17, 2009 Plaintiff filed a Complaint against Defendants seeking injunctive relief and damages alleging trademark infringement in violation of 15 U.S.C. § 1114(1), unfair competition in violation of 15 U.S.C. § 1125(a), and breach of the Franchise Agreement. On August 24, 2009 Plaintiff filed its Motion for Preliminary Injunction requesting that the Court order a comprehensive injunction which, in sum, would enjoin Defendants from using any of Allegra Marks, and would order Defendants to abide by the covenant not to compete and two-mile radius requirement (which would enjoin Defendants from operating their store at 1526 Eisenhower Avenue). On September 8, 2009 Defendants filed their Response in opposition to Plaintiff's motion, and on September 15, 2009 Plaintiff filed its Reply. The Court heard oral argument on Plaintiff's motion on October 23, 2009. At the hearing, the Court took the motion under advisement.

---

N.W., Washington, D.C. Defendants contend that they were able to move to this new location with only oral approval from Allegra.

### III.   Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because the amount in controversy exceeds $75,000 and the dispute is between parties of different states.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, as this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

Venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

### IV.   Legal Standard

The grant of a preliminary injunction is an "extraordinary remedy . . .which is to be applied 'only in [the] limited circumstances' which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).  In *Real Truth About Obama v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009), the Fourth Circuit laid out the test for granting a preliminary injunction.  The court held that in order for a plaintiff to succeed in obtaining a preliminary injunction, he must demonstrate the following: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; 4) that an injunction is in the public interest. *Real Truth About Obama*, 575 F.3d at 347.

4

## V.    Discussion

### A.    Trademark Infringement and Unfair Competition

Plaintiff first argues that it is entitled to a preliminary injunction because Defendants are continuing to use the Allegra Marks even after being told by Allegra that they are operating in violation of the Franchise Agreement.  As mentioned previously, in order for a court to grant a preliminary injunction, the plaintiff must show that he is likely to succeed on the merits.  *Real Truth About Obama*, 575 F.3d at 347.  In order to prevail on claims of trademark infringement and unfair competition, a plaintiff must show: 1) that it possesses a mark; 2) that defendant used the mark; 3) that the defendant's use of the mark occurred in commerce; 4) that the defendant used the mark in connection with the sale, offering for sale, distribution, or advertising of goods and services; and 5) that the defendant used the mark in a manner likely to confuse customers.  *Huthwaithe, inc. v. Sunruse Assisted Living, Inc.*, 261 F. Supp. 2d 502, 512 (E.D. Va. 2003) (internal citation omitted).  Courts have held that there is a high risk of consumer confusion when a former franchisee continues to operate under the franchisor's trademarks because customers will continue to associate the former franchisee with the franchisor.  *Merry Maids Ltd. P'ship v. Kamara*, 33 F. Supp. 2d 443, 445 (D. Md. 1998); *see Precision Tune Auto Care, Inc. v. Pinold Auto Care, Inc.*, No. 00-1748-A, 2001 U.S. Dist. LEXIS 24840, at *14 (E.D. Va. Oct. 15, 2001).  In such situations, courts have held that there is a likelihood of success on the merits for a claim of trademark infringement.  *Merry Maids*, 33 F. Supp. 2d at 445.  In this case, Defendants continued to use the Allegra trademarks and operate under the franchise after they moved to their new location in Alexandria.[2]  While the Franchise Agreement was not terminated immediately after Defendants moved to the Alexandria location, there is no dispute that, at the very latest,

---

[2] There is some dispute between the parties about how long Defendants continued to operate under the Franchise Agreement; however, there is no dispute that when Defendants initially moved to the Eisenhower Avenue location they were operating as an Allegra franchise.

Allegra made it clear to Defendants within a week of their move to Alexandria that the new

location was unacceptable to the franchise. Defendants contend that after receiving several

letters from Allegra threatening to terminate the Franchise Agreement and because of the issue of

proximity to another franchise, they chose to stop operating as an Allegra franchise. They claim

to have stopped using the Allegra trademarks all together and to have returned all of Allegra's

materials to them. If the Court could know with certainty that this was indeed the case, it would

not need to issue a preliminary injunction as Defendants would have already complied.

However, Plaintiff disputes that Defendants have given up using the Allegra trademarks, and

because of the likelihood of confusion if Defendants are continuing to use the Allegra

trademarks, the Court finds that the likelihood of success on the merits prong is satisfied as to the

claims of trademark infringement and unfair competition.

      In addition to showing a likelihood of success, the plaintiff must show that it is likely to

suffer irreparable harm in the absence of preliminary relief. *Real Truth About Obama*, 575 F.3d

at 347. The plaintiff has the burden of proving "a clear showing of immediate irreparable

injury." *Direx*, 952 F.2d at 812 (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3rd Cir.

1987)). In trademark infringement cases "a presumption of irreparable injury is generally

applied once the plaintiff has demonstrated a likelihood of confusion." *Scotts Co. v. United

Industries Corp.*, 315 F. 3d 264, 273 (4th Cir. 2002). A defendant's unauthorized use of a

plaintiff's trademarks gives rise to irreparable injury as it causes a plaintiff to lose control of its

business reputation, there is a substantial likelihood of confusion to the purchasing public, there

may be no monetary recovery available, and there is an inherent injury to the goodwill and

reputation of the plaintiff. *Merry Maids*, 33 F. Supp. 2d at 445 (citing *Long John Silver's, Inc. v.

Washington Franchise, Inc.*, No. 80-540-A, 1980 WL 30249, 1980 U.S. Dist. LEXIS 16635, at

*12 (E.D. Va. June 24, 2980)).  For these reasons, the Court finds that Allegra would suffer irreparable harm if Defendants continued to use the Allegra Marks.

The balance of the equities favors a preliminary injunction as there has been no evidence that Defendants will suffer irreparable harm from not being able to use Allegra's trademarks. Defendants can still operate their print store at the new location in Alexandria; additionally, Defendants claim to have already chosen to cease using the Allegra trademarks and have agreed to return to Allegra all materials belonging to them.  Finally, the public interest lies in favor of granting a preliminary injunction because "preventing infringement . . .serves the public interest in preventing consumer confusion." *Merry Maids*, 33 F. Supp. 2d at 446.

### B.   Breach of Contract

Plaintiff also argues that it is entitled to a preliminary injunction under its breach of contract claims.  As mentioned previously, in order for the Court to grant a preliminary injunction, the plaintiff has the burden of proving that there is a likelihood of success on the merits.  In order so succeed on a claim for breach of contract under Michigan law,[3] a plaintiff must prove: 1) the existence of a contract; 2) the terms of the contract; 3) that the defendant breached the contract; 4) that the breach caused injury to the plaintiff.  *Webster v. Edward D. Jones & Co., L.P.*, 197 F. 3d 815, 819 (6th Cir. 1999).  Plaintiff alleges that by moving to the Eisenhower Avenue location Defendants breached the Franchise Agreement which requires that Allegra approve any center's lease and location and requires that any franchisee's center must be more than two (2) miles from any other Allegra print center.  Plaintiff also alleges that, if the Franchise Agreement is terminated, Defendants breached the covenant not to compete provision

---

[3] The Franchise Agreement includes a choice of law provision which provides that Michigan law will be applied for all actions relating to the Franchise Agreement.

contained within the agreement. There are significant factual disputes, however, as to whether or not Defendants actually breached the Franchise Agreement. While there is no dispute that Defendants moved to a location which was less than two (2) miles from another Allegra store – which on its face violated a term of the Franchise Agreement – Defendants contend that they were given permission from an Allegra official to move to this location. Additionally, affidavits by Defendants state that on a previous occasion they were given permission to move to a new store location in D.C. with only oral approval from Allegra, and that they had no reason to believe that oral approval would not be acceptable in their move to Virginia. Plaintiffs, on the other hand, allege that Defendants were never given permission to move to the Eisenhower Avenue location and that they were explicitly told that the location was unacceptable to Allegra. Because the Court cannot resolve these factual inconsistencies, the Court finds that Plaintiff has been unable to establish that Defendant did in fact breach the contract and therefore has not established a likelihood of success on the merits.

In addition to failing to show a likelihood of success on the merits, Plaintiff has not met its burden of showing that it will be irreparably harmed by the breach of contract if a preliminary injunction is not granted. The Fourth Circuit has held that "irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate." *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (quoting *Danielson v. Local 275*, 479 F.2d 1033, 1037 (2nd Cir. 1973)). The Court finds that, assuming Defendants breached the contract, which at this point is unclear, any harm Plaintiff suffered from this breach can be adequately compensated through damages and that damages would not be too difficult to ascertain. If Allegra is suffering from Defendants' new store location in Alexandra, this loss is

8

exactly the type of harm that can be compensated with monetary damages.[4] Plaintiff has, therefore, failed to prove that it has been irreparably harmed from Defendants' breach of the Franchise Agreement.


**V.      Conclusion**

Based on the material before the court and for the reasons states above, Plaintiff's Motion for a Preliminary Injunction is GRANTED as to its request that Defendants be enjoined from using and/or infringing on the Allegra Marks; and is DENIED as to Plaintiff's request that Defendants be ordered to comply with the covenant not to compete and two-mile radius requirement. An appropriate order shall issue forthwith.


Alexandria, Virginia.
November 4, 2009


_____ /s/
Liam O'Grady
United States District Judge

---

[4] The Court notes that if Defendants have violated the covenant not to compete as Plaintiff alleges, any harm to Plaintiff can also be adequately compensated with monetary damages, and thus Plaintiff has shown no irreparable harm under this argument either.